ROBERT B. ERICSON, ESQ. (State Bar No. 115573)
ALBERT & WILL, LLP
2601 Airport Drive, Suite 345
Torrance, CA 90505
Tel. (310) 257-9363
Fax (310) 257-9360
Email:  rericson@awllp.com

Attorneys for Defendant JILLIAN SIDOTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>vs.<br><br>JILLIAN SIDOTI,<br><br>          Defendant. | CASE NO. 5:20-cv-02178-JGB<br><br>**ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>JUDGE:  Hon. Jesus G. Bernal<br><br>Complaint Filed:  October 19, 2020 |

Defendant Jillian Sidoti ("Ms. Sidoti" or "Defendant") submits this answer to the Amended Complaint on file herein by Plaintiff SECURITIES AND EXCHANGE COMMISSION ("SEC" or "Plaintiff").

INTRODUCTION

1. The Amended Complaint defines Blake Insomnia Therapeutics, Inc. ("Blake") and Book It Local Inc. ("Book It") as one unified business from 2012 to 2017.  While Blake was the successor of Book It, Book It existed from 2012 to 2013 as a distinct and different business than Blake. Book It and Blake had different owners, officers and business plans. The ploy of defining Blake and Book It collectively as

-1-

ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

"Blake" or the "Company" intentionally obfuscates the distinct nature of the two businesses, and is unfair and misleading. The SEC's conflation of the two distinct companies is intended to create the false impression of continuity that did not exist and to bootstrap legal theories. Ms. Sidoti denies that there was any continuity of ownership, officers or business plans between Book It and Blake. Ms. Sidoti denies any implication that there was an overarching plan or scheme involving Book It and Blake. In those instances where the SEC's tactic of using a single defined term for two distinct businesses requires Ms. Sidoti to answer allegations in the Amended Complaint that should be about Book It (or vice versa), Ms. Sidoti denies that there was any continuity of ownership, officers or business plans between Book It and Blake, and denies any implication that there was an overarching plan or scheme involving Book It and Blake.

2.   Parts of the Amended Complaint are based on excerpts of a single phone call that was recorded illegally and contains hearsay. The Amended Complaint is misleading because it intentionally omits and ignores numerous other related communications that refute the contents of the recorded call.

3.   The Amended Complaint makes numerous references to a purported Control Group which is only described vaguely and inconsistently. Ms. Sidoti denies the existence of a Control Group and/or knowledge of a Control Group. No answering paragraph below should be construed as an admission to the contrary.

## ANSWERING PARAGRAPHS

As to the allegations in the Amended Complaint, Ms. Sidoti admits, denies, and alleges as follows:

1.   Ms. Sidoti admits the allegations of paragraph 1 of the Amended Complaint.

2.   Ms. Sidoti denies that any transactions, acts, practices, or courses of business alleged in the Amended Complaint constituted violations of the federal

securities laws. Except as so denied, Ms. Sidoti admits the allegations of paragraph 2 of the Amended Complaint.

3. Ms. Sidoti denies that the transactions, acts, practices and courses of conduct alleged in the Amended Complain constituted violations of the federal securities laws and that she acted in connection with the purchase or sale of any security or in connection with any transaction, act, practices or courses of conduct. Ms. Sidoti admits that she maintained a law office in this district and that she resides in this district, and that venue is proper in this district. Except as expressly admitted in this paragraph, Ms. Sidoti denies the allegations in paragraph 3 of the Amended Complaint.

4. Answering paragraph 4 of the Amended Complaint, Ms. Sidoti admits that this is a securities fraud enforcement action and that she is a licensed attorney. Ms. Sidoti admits that she provided legal services to Blake from 2014 to early 2017. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 4 of the Amended Complaint.

5. Ms. Sidoti denies the allegations of paragraph 5 of the Amended Complaint.

6. Ms. Sidoti denies the allegations of paragraph 6 of the Amended Complaint.

7. Ms. Sidoti denies the allegations of paragraph 7 of the Amended Complaint.

8. Answering paragraph 8 of the Amended Complaint, Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence and on that basis denies them. Except as so stated, Ms. Sidoti denies the allegations of paragraph 8 of the Amended Complaint. Ms. Sidoti specifically denies that a Control Group existed and any implication that she had knowledge of a purported Control Group. Ms. Sidoti specifically denies that the opinion letters were false and misleading.

ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

9. Answering paragraph 9 of the Amended Complaint, Ms. Sidoti admits that she represented Blake briefly in early 2017. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 9 of the Amended Complaint. Ms. Sidoti specifically denies that a Control Group existed and/or any implication that she had knowledge of a purported Control Group.

10. Ms. Sidoti denies the allegations of paragraph 10 of the Amended Complaint. Ms. Sidoti specifically denies that a Control Group existed and/or any implication that she had knowledge of a purported Control Group.

11. Ms. Sidoti denies that allegations of paragraph 11 of the Amended Complaint.

12. Answering paragraph 12 of the Amended Complaint, Ms. Sidoti denies that such relief is appropriate and denies the allegations contained in the paragraph.

13. Ms. Sidoti admits the allegations of paragraph 13 of the Amended Complaint.

14. Answering paragraph 14 of the Amended Complaint, Ms. Sidoti admits that Blake is a Nevada corporation that had a place of business in New York, New York. Ms. Sidoti admits that Blake was originally incorporated in Nevada in August 2012 as Book It Local Inc. Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegation that Blake changed its name to BioHemp International, Inc. in June 2019, and on that basis denies the allegation. Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegation that the Commission suspended trading in Blake stock (Ticker: BKIT) for 10 days effective July 26, 2019, and on that basis denies the allegation. Except as set forth in the previous sentences of this paragraph, Ms. Sidoti denies the allegations of paragraph 14.

15. Answering paragraph 15 of the Amended Complaint, Ms. Sidoti admits the allegations to the extent they accurately and completely characterize terms contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated

1  thereunder.  To the extent the allegations do not accurately and completely characterize
2  terms contained in the Securities Exchange Act and regulations properly promulgated
3  thereunder, Ms. Sidoti denies the allegations.  Except as so admitted, Ms. Sidoti denies
4  that allegations of the paragraph.

5        16.    Answering paragraph 16 of the Amended Complaint, Ms. Sidoti admits the allegations to the extent they accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder.  To the extent the allegations do not accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder, Ms. Sidoti denies the allegations.  Except as so admitted, Ms. Sidoti denies that allegations of the paragraph.

      17.    Answering the first sentence in paragraph 17, Ms. Sidoti admits the allegations to the extent they accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder.  To the extent the allegations do not accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder., Ms. Sidoti denies the allegations.  Answering the second sentence of paragraph 17, Ms. Sidoti lacks knowledge or information to determine the purposes and affects described therein, and on that basis denies the allegations.  Except as so admitted, Ms. Sidoti denies the allegations of the paragraph.

      18.    Answering paragraph 18 of the Amended Complaint, Ms. Sidoti admits the allegations to the extent they accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder.  To the extent the allegations do not accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder, Ms. Sidoti

denies the allegations. Except as so admitted, Ms. Sidoti denies the allegations of the paragraph.

19. Answering paragraph 19 of the Amended Complaint, Ms. Sidoti admits the allegations to the extent they accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder. To the extent the allegations do not accurately and completely characterize terms and procedures contained in the Securities Act, the Securities Exchange Act and regulations properly promulgated thereunder., Ms. Sidoti denies the allegations. Except as so admitted, Ms. Sidoti denies the allegations of the paragraph.

20. Answering paragraph 20 of the Amended Complaint, Ms. Sidoti is without knowledge and information to form a belief about the accuracy and completeness of the definitions and on that basis denies the allegations.

21. Answering paragraph 21 of the Amended Complaint, Ms. Sidoti admits the first sentence. Except as so admitted, is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

22. Answering paragraph 22 of the Amended Complaint, Ms. Sidoti admits the first sentence. Except as so admitted, is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

23. Answering paragraph 23 of the Amended Complaint, Ms. Sidoti is without sufficient knowledge or information to form a belief as to whether the allegations are complete and accurate, and on that basis denies them.

24. Answering paragraph 24 of the Amended Complaint, Ms. Sidoti admits that she had a phone call with persons she believes to be those identified by the SEC as Individuals A and B in or about June 2012. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 24 of the Amended Complaint.

25. Answering paragraph 25, Ms. Sidoti admits that Individuals A and B said in an illegally recorded call in or around June 2012 that they did not have names for six

companies. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 25 of the Amended Complaint.

26. Ms. Sidoti denies the allegations of paragraph 26 of the Amended Complaint.

27. Ms. Sidoti denies the allegations in paragraph 27.

28. Answering paragraph 28, Ms. Sidoti admits the last sentence. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 28 of the Amended Complaint.

29. Answering paragraph 29, Ms. Sidoti admits that she discussed with Individuals A and B in a phone call they illegally recorded that she would be paid for her services. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 29 of the Amended Complaint.

30. Ms. Sidoti denies the allegations of paragraph 30 of the Amended Complaint.

31. Answering paragraph 31 of the Amended Complaint, Ms. Sidoti admits that the company later known as Blake was originally incorporated as Book It in Nevada and that she signed Articles of Incorporation for Book It on or about August 11, 2012. Ms. Sidoti admits that Book It had the stock ticker "BKIT." Except as admitted in this paragraph, Ms. Sidoti denies that allegations of paragraph 31 of the Amended Complaint.

32. Answering paragraph 32 of the Amended Complaint, Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first three sentences of the paragraph and on that basis denies the allegations. Ms. Sidoti denies the remaining allegations in paragraph 32 and specifically denies that Book Its CEO was a "figurehead."

33. Answering paragraph 33 of the Amended Complaint, Ms. Sidoti denies that she drafted a private placement memorandum for Blake. See Paragraph 1 of the Introduction. Assuming the reference to the "Blake PPM" is to a PPM regarding Book It, Ms. Sidoti denies that it contained any statements that were false and/or materially

misleading, whether as specifically alleged or otherwise. Ms. Sidoti denies that she knew that the Book It PPM contained any statements that were false or misleading, whether as specifically alleged or otherwise. In all other respects, Ms. Sidoti denies the allegations of paragraph 33.

34. Ms Sidoti denies the allegations of paragraph 34 of the Amended Complaint.

35. Answering paragraph 35 of the Amended Complaint, Ms. Sidoti admits that the PPM for Book It contains the quoted language. Except as admitted in this paragraph, Ms. Sidoti denies the allegations of paragraph 35.

36. Answering paragraph 36 of the Amended Complaint, Ms. Sidoti is without sufficient knowledge and information to form a belief as to the truth of the allegation that Individual A recruited 35 friends and acquaintances to act as shareholders of Book It and on that basis denies the allegation. Ms. Sidoti denies that the 35 shareholders of Book It were "purported" shareholders. Ms. Sidoti admits that 35 shareholders of Book It wrote checks in the amount of $285 for shares of Book It. Ms. Sidoti admits that the checks constituted written evidence of their investments, and alleges that the checks are conclusive evidence of bona fide investments. Ms. Sidoti admits that each Book It shareholder who provided a check for $285 was listed as receiving 28,500 shares of Book It. Except as expressly admitted in this paragraph, Ms. Sidoti denies the allegations of paragraph 36 of the Amended Complaint.

37. Answering paragraph 37 of the Amended Complaint, Ms. Sidoti admits that Book It issued approximately 9.6 million shares to four other shareholders. Ms. Sidoti admits that two of the shareholders were companies owned or controlled by Individual A as disclosed in the PPM and S-1 Registration Statement. Ms. Sidoti admits that Book It's CEO received approximately 211,000 shares. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 37 of the Amended Complaint. Ms. Sidoti specifically denies that Blake was involved in any of the alleged events.

38. Ms. Sidoti denies the allegations of paragraph 38 of the Amended Complaint.

39. Answering paragraph 39 of the Complaint, Ms. Sidoti denies acting on behalf of Blake, and denies that the shares were "purportedly" distributed. Ms. Sidoti specifically denies that Blake was involved in any of the alleged events. Except as so denied, and assuming references to Blake should be to Book It, Ms. Sidoti admits the allegations in paragraph 39 of the Amended Complaint.

40. Answering paragraph 40 of the Complaint, Ms. Sidoti denies that the description of a Form S-1 or registration statement is complete or accurate, or that the description of liability arising therefrom is complete or accurate, or that the description of the reliance of investors is complete and accurate.

41. Answering paragraph 41 of the Amended Complaint, Ms. Sidoti denies acting on behalf of Blake at the time alleged. Ms. Sidoti admits she signed an opinion letter which she filed with Book It's Form S-1 and that the contents of the letter speak for themselves. Except as so admitted, Ms. Sidoti denies the allegations in paragraph 41.

42. Ms. Sidoti denies the allegations in paragraph 42.

43. Ms. Sidoti denies acting on behalf of Blake at the time alleges. Ms. Sidoti admits the allegations in paragraph 43 regarding Book It's S-1 registration statement that was deemed effective by the Commission on June 10, 2013.

44. Answering paragraph 44 of the Amended Complaint, Ms. Sidoti denies acting on behalf of Blake at the time alleged. Ms. Sidoti admits that she advertised Book It for sale and she used the quoted language. Except as so admitted, Ms. Sidoti denies the allegations in paragraph 44. Ms. Sidoti specifically denies that any shareholders were "nominal."

45. Ms. Sidoti denies the allegations in paragraph 45.

46. In answering paragraph 46, Ms. Sidoti admits that she acted as escrow agent, received a single wire transfer for approximately $275,00 for the purchase price

for Book It, and that she drafted two separate stock purchase agreements. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 46.

47. In answering paragraph 47, Ms. Sidoti admits that she was involved in a new issuance of shares by Book It that increased the number of outstanding shares. Except as so admitted, Ms. Sidoti denies that allegations in paragraph 47. Ms. Sidoti expressly denies that a Control Group existed, or that it purchased virtually all, or any, of the shares of Book It (referred to as Blake in the paragraph).

48. In answering paragraph 48, Ms. Sidoti denies that a Control Group existed, any knowledge of a Control Group, and/or that a Control Group or its members were affiliates of Book It (referred to in the paragraph as Blake). Ms. Sidoti denies that the shares referred to were not unrestricted. Ms. Sidoti denies any steps were taken to facilitate or ensure any improper sales of shares into the market, or otherwise. Ms. Sidoti is without sufficient knowledge or information to form a belief as to what transfer agents and other market makers would do, and on that basis denies the allegations. Ms. Sidoti denies all other allegations of paragraph 48.

49. In answering paragraph 49, Ms. Sidoti denies knowledge of any "machinations." Ms. Sidoti denies the existence of a Control Group or knowledge of a Control Group, and therefore denies engaging in emails with a representative of a purported Control Group. Ms. Sidoti admits the existence of emails containing the quoted language. Ms. Sidoti denies that she gave advice or stated anything that was unlawful or inaccurate. Except as admitted in this paragraph, Ms. Sidoti denies the allegations of paragraph 49.

50. In answering paragraph 50, Ms. Sidoti admits that in January of 2014, Book It issued 21 million new restricted shares. Ms. Sidoti admits that she was involved in preparing paperwork for the issuance, communicating to Book It's transfer agent about the issuance, and arranging for the Book It CEO to sign the documents for the new issuance. Except as so admitted, Ms. Sidoti denies the allegations in paragraph 50,

including without limitation that the Book It CEO was a "figurehead," the existence of a Control Group and/or knowledge of a Control Group.

51.  In answering paragraph 51, Ms. Sidoti denies the existence of a Control Group, knowledge of a Control Group, and/or that the Control Group consisted of the "eight nominee entities." Ms. Sidoti admits the arithmetic in the paragraph. Except as so admitted, Ms. Sidoti denies the allegations in paragraph 51.

52.  In answering paragraph 52, Ms. Sidoti admits that she drafted two stock purchase agreements. Ms. Sidoti denies: the existence of a Control Group, that the eight offshore entities were purportedly part of a Control Group or affiliates of a Control Group; knowledge of a Control Group; and that she fraudulently concealed the Control Group's affiliate status. Except as admitted in this paragraph, Ms. Sidoti denies the allegations in paragraph 52.

53.  In answering paragraph 53, Ms. Sidoti denies that the eight offshore entities were "nominees," that the 35 shareholders of Book It were "purported shareholders," that any offshore entity was a member of or controlled by a purported Control Group, and that the registration of the shares of the original 35 shareholders was "purported." Sidoti alleges that the 35 original shareholders were not insiders or affiliates. Except as so denied, Ms. Sidoti admits the allegations of paragraph 53.

54.  In answering paragraph 54, Ms. Sidoti admits she instructed Book It's transfer agent to send all of the share certificates to a single address.

55.  Ms. Sidoti denies the allegations in paragraph 55.

56.  Ms. Sidoti admits the allegations in paragraph 56.

57.  Ms. Sidoti denies the allegations in paragraph 57.

58.  In answering paragraph 58, Ms. Sidoti denies that the original 35 purchasers were "purported." Ms. Sidoti denies the existence of a Control Group and/or knowledge that a Control Group existed. Ms. Sidoti denies that the foreign entities were nominees of the Control Group, or otherwise. Ms. Sidoti denies that Winchester

ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Investments was "Sidoti's."  Except as so denied, Ms. Sidoti admits the allegations in paragraph 58.

59.  Ms. Sidoti denies the allegations in paragraph 59.

60.  Ms. Sidoti denies the allegations in paragraph 60.

61.  Ms. Sidoti denies the allegations in paragraph 61.

62.  Answering paragraph, Ms. Sidoti admits that she sent an opinion letter to DTC on November 17, 2015.  Ms. Sidoti denies the alleged purpose of the letter.  Ms. Sidoti is without sufficient knowledge or information to know whether the last sentence of paragraph 62 is accurate and/or complete, and on that basis denies the allegation. Ms. Sidoti admits the letter contains the quoted language.  To the extent not admitted or denied in this paragraph, Ms. Sidoti denies the allegations of paragraph 62.

63.  Ms. Sidoti admits that paragraph 63 contains language from the letter to DTC.  Ms. Sidoti alleges that the excerpt is incomplete and misleading.

64.  Ms. Sidoti denies the allegations in paragraph 64.

65.  Ms. Sidoti denies the allegations in paragraph 65.

66.  Ms. Sidoti denies the allegations in paragraph 66.

67.  Ms. Sidoti denies the allegations in paragraph 67.

68.  Ms. Sidoti denies the allegations in paragraph 68.

69.  In answering paragraph 69, Ms. Sidoti denies the existence of a Control Group and/or knowledge of a Control Group.  As to the remaining allegations of the paragraph, Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

70.  In answering paragraph 70, Ms. Sidoti admits that she responded to a letter from OTC Markets Group, Inc., and told OTC markets that Blake was unaware of any trading or promotional activity, and, according to records and transfer agent reports, Blake only had two insiders, neither of whom had any intention of selling their shares in the near future. Except as so admitted, Ms. Sidoti denies the allegations of paragraph 70 of the Amended Complaint.

71. Answering Paragraph 71 of the Amended Complaint, Ms. Sidoti admits she filed a Form 8-K on Blake's behalf that contains, in part, the language quoted in the paragraph. Ms. Sidoti denies the existence of a Control Group or knowledge of a Control Group. Ms. Sidoti lacks knowledge or information to form a belief as to the allegations in the last sentence of the paragraph, and on that basis denies them. Except as so stated, Ms. Sidoti denies the allegations in paragraph 71.

72. Ms. Sidoti realleges and incorporates by reference her answer to paragraphs 1 through 71 above.

73. Because the Amended Complaint does not define the "Relevant Period," Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph and on that basis denies them.

74. Ms. Sidoti denies the allegations in paragraph 74.

75. Ms. Sidoti denies the allegations in paragraph 75.

76. Ms. Sidoti realleges and incorporates by reference her answer to paragraphs 1 through 71 above.

77. Because the Amended Complaint does not define the "Relevant Period," Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph and on that basis denies them.

78. Ms. Sidoti denies the allegations in paragraph 78.

79. Ms. Sidoti denies the allegations in paragraph 79.

80. Ms. Sidoti denies the allegations in paragraph 80.

81. Ms. Sidoti realleges and incorporates by reference her answer to paragraphs 1 through 71 above.

82. Because the Amended Complaint does not define the "Relevant Period," Ms. Sidoti is without sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph and on that basis denies them.

83. Ms. Sidoti denies the allegations in paragraph 83.

84. Ms. Sidoti denies the allegations in paragraph 84.

85. Plaintiff's prayer for relief and judgment (including sections I through IX) does not require a response, but to the extent any response is necessary, Ms. Sidoti denies that Plaintiff is entitled to the requested relief and judgment or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

86. Plaintiff's Amended Complaint and each cause of action contained therein fails to state a claim upon which relief can be granted against.

### Second Affirmative Defense

87. Plaintiff's Amended Complaint is barred by the statute of limitations.

### Third Affirmative Defense

88. Plaintiff's Amended Complaint is barred by laches.

### Fourth Affirmative Defense

89. Plaintiff is estopped from denying the effectiveness of the S-1 it deemed effective.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint on file herein, Ms. Sidoti prays for judgment as follows:

1. That this Court dismiss Plaintiff's Amended Complaint against her in its entirety and with prejudice;

2. That she recovers her costs and reasonable attorneys' fees incurred herein; and,

3. For such other and further relief as this Court deems just and proper.

DATED: June 25, 2021                    ALBERT & WILL, LLP

By: /s/ *Robert B. Ericson*
ROBERT B. ERICSON, ESQ.
Attorneys for Defendant
JILLIAN SIDOTI

-14-

ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Defendant Jillian Sidoti hereby demands a jury trial.

DATED: June 25, 2021              ALBERT & WILL, LLP

                                  By: /s/ *Robert B. Ericson*
                                  ROBERT B. ERICSON, ESQ.
                                  Attorneys for Defendant
                                  JILLIAN SIDOTI

ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL