KATHLEEN SHIELDS (Mass. Bar No. 637438)
Email: ShieldsKa@sec.gov
ERIC FORNI (Mass. Bar No. 669685)
Email: ForniE@sec.gov
ALEXANDRA LAVIN (Mass. Bar No. 687785)
Email: LavinAl@sec.gov
Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, MA 02110
(617) 573-8904 (Shields Direct)
(617) 573-8827 (Forni Direct)
(617) 573-8951 (Lavin Direct)
Facsimile: (617) 573-4590

Local Counsel
AMY LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
Securities and Exchange Commission
444 S. Flower St., Suite 900
Los Angeles, CA  90071
(323) 965-3835 (Longo Direct)
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>JILLIAN SIDOTI,<br><br>          Defendant. | Case No. 20-cv-02178-JGB<br><br>**CONSENT OF DEFENDANT JILLIAN SIDOTI** |

     1.     Defendant Jillian Sidoti ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the

1    Court's jurisdiction over Defendant and over the subject matter of this action.

2        2.    Without admitting or denying the allegations of the complaint (except as

3    provided herein in paragraph 12 and except as to personal and subject matter

4    jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the

5    final Judgment in the form attached hereto (the "Final Judgment") and incorporated

6    by reference herein, which, among other things:

7            (a)    permanently restrains and enjoins Defendant from violations of

8                   Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

9                   Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R.

10                  §240.10b-5], and Sections 5(a), 5(c) and 17(a)(1) and (3) of the

11                  Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a), (c),

12                  77q(a)(1), (3)];

13           (b)    restrains and enjoins Defendant for a period of 5 years from

14                  directly or indirectly providing professional legal services to any

15                  person or entity in connection with the offer or sale of securities

16                  pursuant to, or claiming, an exemption under Section 4(a)(1) of

17                  the Securities Act, predicated on Securities Act Rule 144, or any

18                  other exemption from the registration provisions of the Securities

19                  Act, including, without limitation, participation in the preparation

20                  or issuance of any opinion letter relating to such offering or sale;

21           (c)    bars Defendant for a period of 5 years from participating in an

22                  offering of penny stock;

23           (d)    orders Defendant to pay disgorgement in the amount of

24                  $14,168.70, plus prejudgment interest thereon in the amount of

25                  $4,664.86; and

26           (e)    orders Defendant to pay a civil penalty in the amount of $22,000

27                  under Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and

28

Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

3.     Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that she shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that she shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Defendant agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or

local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.      Consistent with 17 C.F.R. §202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of

Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. §202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C.

Case No. 5:20-cv-02178-JGB-SP

§523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

1    Dated: 12-9-21

2

3       On _____

                     Jillian Sidoti

4   me, personally appeared before me and acknowledged executing the foregoing

5   Consent. _____ a person known to

6

7                _See_ _Attached_

8                Notary Public

                 Commission expires:

9

10   Approved as to form:

11

12   Robert Ericson

    Mitchell Albert

13   Albert & Will, LLP

14   2601 Airport Drive, Suite 345

    Torrance, CA  90505

15   Telephone: 310-257-9363

16

17   Attorneys for Defendant Sidoti

18

19

20

21

22

23

24

25

26

27

28

                                      7

# ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Riverside                                    }

On 12-9-2021 _____ before me, JOSHUA J. RAMBERG, Notary Public

                                                    (Here insert name and title of the officer)

personally appeared Dillian Sidoti
who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

                                                    JOSHUA J. RAMBERG
                                                    Notary Public · California
                                                    Riverside County
                                                    Commission # 2365931
                                                    My Comm. Expires Jul 16, 2025

(Notary Public Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Consent of Defendant
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages 7 Document Date_____

CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM
This form complies with current California statutes regarding notary wording and,
if needed, should be completed and attached to the document. Acknowledgents from
other states may be completed for documents being sent to that state so long as the
wording does not require the California notary to violate California notary law.

- State and County information must be the State and County where the document
  signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which
  must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her
  commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of
  notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e.
  he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this
  information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible.
  Impression must not cover text or lines. If seal impression smudges, re-seal if a
  sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of
  the county clerk.
  ❖ Additional information is not required but could help to ensure this
     acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a
     corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.